O’NIELL, Chief Justice.
 

 .; I concur in the decree rendered in this case, on the ground that damages should never .'be allowed for attorneys’ fees or for any other expense or loss incurred by the plaintiff in maintaining a writ of injunction. I respectfully dissent, therefore, from the implication contained in the prevailing opinion in this case that damages in the form of attorneys’ fees might be allowed to the plaintiff in an injunction suit in certain aggravating circumstances.
 

 The-only reason why damages are allowed to a defendant who has succeeded in dissolving a writ of injunction is that the right to be compensated in damages for dissolving a writ of injunction is statutory. Article 3p4 of the Code of Practice requires the plaintiff, before obtaining a writ of injunction, to give a bond in favor of the defendant for such a sum as the judge may require, “to secure the payment of such damages as may have been sustained by the defendant, in case it should be decided that the injunction had been wrongfully obtained.” There are similar provisions in the Code of Practice declaring, in effect, that the defendant is entitled to damages upon the dissolution of other conservatory writs. But there is no more justification for allowing attorneys’ fees or other damages to the plaintiff who maintains a writ of injunction, or any other conservatory writ, than there would be for allowing a litigant in any other case attorneys’ fees or other damages for winning his case. It is well settled, in Louisiana, that a litigant is not liable for the payment of his opponent’s attorney’s fees, either as damages or as costs of court, except in a case where a statute makes him liable therefor.
 

 I regret that the court does not now avail itself of the opportunity to overrule one line or the other of the conflicting decisions which are reviewed in the prevailing opinion in this case, and which cannot be reconciled. I reviewed and analyzed these decisions in my dissenting opinion in Soniat v. Whitmer,
 
 74 So. 920,
 
 which opinion was not published in the Louisiana Report. I beg leave, therefore, to repeat now some of the things that I said there, viz.:
 

 “There is .an irreconcilable conflict in the jurisprudence of this court on that subject, but the later and the majority of the decisions are against the proposition of condemning a litigant to pay his adversary’s attorney’s fee, except a fee incurred for the dissolution of a conservatory writ. The earlier and minority of decisions, which cannot be reconciled with the later and majority of decisions on that subject, ought to be declared overruled, if the profession of law is to be regarded as anything like an exact science. It is conceded in the foregoing opin
 
 *45
 
 ion that, although there are decisions by this court on both sides of the question whether attorney’s fees should be allowed as an element of damages on the maintenance of an injunction to prevent the sale of one’s property seized in a judicial proceeding against a third person, the general rule is against the allowance of attorney’s fees as an element of damages in such case. * * * As far as the confusion in our jurisprudence is concerned, I apprehend that the decision rendered in this ease, without any attempt to reconcile the conflicting decisions heretofore rendered on this subject, and without overruling those that cannot be reconciled with this one, will only make matters worse. * * *
 

 “I consider it unfortunate that we should let pass this opportunity to reconcile, as far as we can, the apparent conflict in the decisions cited in the foregoing opinion, or overrule one line or the other of the conflicting decisions.”
 

 No attempt was made in Soniat v. Whitmer to reconcile the lineup of adjudged cases on the one side with the opposing lineup; hence no good reason could be given for deciding as the court did decide the question of the defendants’ liability for the plaintiff’s attorneys’ fees. Some attempt is made to reconcile the conflicting decisions cited in the prevailing opinion in this case, but I submit, most respectfully, that the result is merely to show that reconciliation is impossible. In such a case it is our duty to the profession to pronounce a definite rule, and to declare that the previous decisions to the contrary are thereby overruled. To say that every tub shall rest upon its own bottom, instead of being judged by some recognized formula, takes away the exactitude of the science of law.